J-A08045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2005-HE7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-HE7 | : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | No. 1667 EDA 2016 |
| ERIC BROITMAN, ET UX. | : | |

Appeal from the Order March 24, 2016
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2014-03469

BEFORE:   PANELLA, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED APRIL 28, 2017**

Appellants Eric and Debra Broitman appeal the order of the Court of Common Pleas of Bucks County granting summary judgment in favor of Appellee Deutsche Bank National Trust Company.  We affirm.

On May 16, 2014, Appellee filed a complaint in mortgage foreclosure, alleging that Appellants were in default on their residential mortgage as they had not made a payment since March 2011.  Appellee stated in the complaint that the total amount of charges and costs unpaid by Appellants was approximately $412,000.  Appellants filed a *pro se* answer in which they

_____

[*] Former Justice specially assigned to the Superior Court.

did not dispute the validity of the note or mortgage or the fact that they are in default, but merely claimed they cannot find a loan modification.

On December 15, 2015, Appellee filed a motion for summary judgment, which included an updated calculation as to the charges owed by Appellants with interest, resulting in a revised total of approximately $463,000. In support of this calculation, Appellee submitted the notarized affidavit of Kimberly Brown, a contract management coordinator with Ocwen Loan Servicing, LLC, the servicer for Appellee. The affidavit reiterates and attests to the updated calculations included in Appellee's motion for summary judgment. Appellants did not respond to the summary judgment motion. On March 23, 2016, the lower court found that Appellants failed to make a legal defense to Appellee's claims, granted Appellee's summary judgment motion, and entered judgment in favor of Appellee in the amount of $463,424.38.

On May 12, 2016, Appellants obtained counsel and filed a motion for leave to file an appeal *nunc pro tunc* alleging that they had no knowledge that the lower court had entered summary judgment against them as their mailing address had been incorrectly entered into the Prothonotary's electronic filing system. Appellants admitted receiving Appellee's complaint and other court filings which were personally served to Appellants' residence, but denied receiving the order entering summary judgment. On

May 23, 2016, the lower court granted Appellants' motion to appeal *nunc pro tunc*.[1]  This timely appeal followed.

Appellants raise the following issues on appeal:

1. Whether a document is an affidavit as defined by Pa.R.C.P. No. 76, when the document is not verified in accordance with Rule 76 and does not contain a notarial certificate that evidences that the document was signed on oath or affirmation?

2. Whether an affidavit summarizing the contents of unidentified business records that are not attached to the affidavit can properly serve as the basis for the entry of summary judgment?

3. Whether an affiant possesses the requisite personal knowledge regarding amounts claimed due on a mortgage loan, when the affiant states that her knowledge is solely based on reading certain unidentified business records?

4. Whether summary judgment is properly entered in a mortgage foreclosure action, where the mortgagee does not produce any documentation demonstrating the amounts claimed due and relies instead on a testimonial affidavit?

Appellants' Brief, at 2.

Before reaching the merits of this appeal, we note that Appellee has asked that this appeal be dismissed as Appellants failed to file a response to Appellee's motion for summary judgment.  Pennsylvania Rule of Civil Procedure 1035.3(a) provides that the adverse party to a summary

---

[1] Both trial courts and our Court have jurisdiction to determine whether an appeal *nunc pro tunc* should be granted.  **Pierce v. Penman**, 515 A.2d 948 (1986), *appeal denied,* 515 Pa. 608, 529 A.2d 1082 (1987) (upholding a trial court's decision to grant an appeal *nunc pro tunc*).

judgment motion "may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion." Rule 1035.3(d) allows summary judgment to be entered against a party who does not respond. As Rule 1035.3 plainly required Appellants to respond to Appellee's motion for summary judgment, we agree that dismissal of this action on this ground is proper.

Moreover, we also find all of Appellants' claims on appeal are waived as Appellants failed to raise these arguments before the lower court. Our rules of appellate procedure provide that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). This Court has further provided:

> Issue preservation is foundational to proper appellate review....By requiring that an issue be considered waived if raised for the first time on appeal, our courts ensure that the trial court that initially hears a dispute has had an opportunity to consider the issue. This jurisprudential mandate is also grounded upon the principle that a trial court ... must be given the opportunity to correct its errors as early as possible. Related thereto, we have explained in detail the importance of this preservation requirement as it advances the orderly and efficient use of our judicial resources. Finally, concepts of fairness and expense to the parties are implicated as well.

*Commonwealth v. Miller*, 80 A.3d 806, 811 (Pa.Super. 2013) (quoting *In re F.C. III*, 607 Pa. 45, 2 A.3d 1201, 1212 (2010) (citations omitted)).

Based on the foregoing reasons, we affirm the trial court's grant of summary judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/28/2017</u>